UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOACHIM E. DRESSLER,

    Petitioner,

    v.                                                               Case No. 97-C-0431

GARY R. MCCAUGHTRY,

    Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

On April 28, 1999, this court denied petitioner Joachim Dressler's ("Dressler") petition for a writ of habeas corpus, and entered judgment in favor of the respondent. On February 1, 2001, the Seventh Circuit Court of Appeals affirmed this court's decision denying Dressler's petition for a writ of habeas corpus. Thereafter, on September 11, 2006, Dressler filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). On September 15, 2006, the respondent filed its response to the petitioner's motion for relief from judgment arguing that Dressler's motion is "a poorly disguised attempt to obtain a second round of federal collateral review." (Resp.'s Br. at 2.) On September 21, 2006, Dressler filed his reply. Thus, Dressler's motion is fully briefed and is ready for resolution. For the reasons which follow, Dressler's motion will be denied.

Dressler asserts that because this court lacked subject matter jurisdiction, the judgment entered on April 28, 1999 is void and thus, he is entitled to relief pursuant to Rule 60(b)(4). Dressler further asserts that because extraordinary circumstances have been presented, he is entitled to relief pursuant to Rule 60(b)(6). Rule 60(b)(4) provides that "[o]n motion and upon such terms as are just,

the court may relieve a party . . .from a final judgment . . . [if] the judgment is void." "Rule 60(b)(6) . . . permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2645-46 (2005) (quoting F.R.C.P. 60(b)(6)). Most importantly, at least in this case, Rule 60(b) also provides that motions brought under the subsections at issue, that is, 60(b)(4) and (b)(6), " be made within a reasonable time." To reiterate, judgment in this case was entered on April 28, 1999, and Dressler filed his motion for relief from judgment on September 11, 2006. Simply put, given that almost seven and one half years have passed since judgment was entered, I find that Dressler's motion was not made within a "reasonable time." For this reason alone denial of Dressler's motion is appropriate.

Yet, even if Dressler's Rule 60(b) motion had been made within a reasonable time, it would still fail. In his brief, Dressler correctly states that if a Rule 60(b) motion alleges that the federal court was without subject matter jurisdiction, or challenges the district court's failure to reach the merits, the motion should not be treated as a successive habeas petition, which would require precertification by the court of appeals. Indeed, the Supreme Court has so held. *Crosby*, 125 S.Ct. at 2649 (stating that Rule 60(b) "preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject matter jurisdiction"); *id.* at 2651 ("We hold that a Rule 60(b)(6) motion in a §2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment and therefore can be ruled upon by the District Court without precertification by the Court of Appeals, pursuant to § 2244(b)(3).").

2

The Seventh Circuit recently held that Rule 60(b) "is available to habeas petitioners seeking to reopen previously dismissed petitions brought pursuant to 28 U.S.C. § 2254, provided that the ground on which relief is sought does not attack the substance of a court's resolution of a claim on the merits." *Arrieta v. Battaglia*, 2006 WL 2441662 at *3 (7th Cir. Aug. 24, 2006). By challenging this court's subject matter jurisdiction and its allegedly erroneous failure to address the merits of Dressler's equal protection and due process claims, it appears as though Dressler has attempted to craft his arguments in such a way that he would be able to avoid having to obtain precertification by the court of appeals. In my opinion, however, Dressler's Rule 60(b) motion is nothing more than "a poorly disguised attempt to obtain a second round of federal collateral review." *Benefiel v. Davis*, 403 F.3d 825, 826 (7th Cir. 2005). Nevertheless, because it appears evident from Dressler's brief that he has attempted to craft his Rule 60(b) arguments in such a way that his motion would not be considered a successive petition under *Crosby*, I will briefly address Dressler's Rule 60(b)(4) and (b)(6) arguments.

Notwithstanding the untimeliness of Dressler's motion, Dressler is not entitled to relief pursuant to Rule 60(b)(4). This is because this court's April 28, 1999 judgment is not void for lack of subject matter jurisdiction. To the contrary, this court had subject matter jurisdiction over Dressler's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Likewise, he is not entitled to relief pursuant to Rule 60(b)(6). Dressler argues that he is entitled to relief pursuant to Rule 60(b)(6) for a litany of reasons:

> Petitioner asserts that this court's [certificate of appealability ("COA")] itself imposes a prior restraint of free speech; that it is contrary to firmly established Constitutional law as determined by the United States Supreme Court; that it announces a federal circuit split of authority; and that questions of Equal Protection and Due Process are inherently intertwined in that COA. Those raised issues remain unaddressed by any

3

> court. . . . [S]uch "extraordinary circumstances" justify Rule 60(b) relief and entitle him to grant of a writ of habeas corpus.

(Pet'r's Br. at 15.) However, I have reviewed my April 28, 1999 decision and I am not persuaded that there are extraordinary circumstances present which would justify reopening the final judgment entered in this case. Indeed, as the Supreme Court noted, "relief under Rule 60(b)(6) requires a showing of extraordinary circumstances justifying the reopening of a final judgment and such circumstances will rarely occur in the habeas context." *Crosby*, 125 S.Ct. at 2649 (internal quotations omitted).

As previously stated, despite Dressler's attempt to craft a Rule 60(b) motion that would not be deemed a second or successive habeas petition, Dressler's Rule 60(b) motion is nothing more than "a poorly disguised attempt to obtain a second round of federal collateral review." *Benefiel*, 403 F.3d at 826. As the Supreme Court recently stated, "a Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Crosby*, 125 S.Ct. at 2651. Yet, Dressler's motion <u>does</u> assert claims of error in his state conviction. Indeed, in support of his Rule 60(b) motion, Dressler argues that

> [t]he trial court's . . . 'other acts' analysis; its construction of Wis. Stat. §904.04(2) to include within its scope the mere 'act of possessing' ANY First Amendment-*protected* expressive materials in the privacy of the home; as well as its rulings on homosexuality were made without jurisdiction and are void as a matter of Wisconsin Constitutional law.

(Pet'r's Br. at 13.)

Thus, because Dressler's motion asserts claims of error in his state conviction, it is very likely a successive habeas petition. Title 28 U.S.C. § 2244(b)(3)(A) requires petitioners to obtain permission from the court of appeals before filing second or successive habeas corpus petitions in

4

the district courts. And, without such authorization from the court of appeals, this court lacks subject matter jurisdiction over Dressler's instant second or successive petition. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."). Pursuant to § 2244(b)(3), Dressler must obtain permission from the court of appeals before filing a second or successive habeas corpus petition in the district court.[1]

Accordingly, and for all of the foregoing reasons, Dressler's motion for relief from judgment will be denied.

**NOW THEREFORE IT IS ORDERED** that the petitioner's motion for relief from judgment be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the petitioner's motion to appoint counsel be and hereby is **DENIED AS MOOT**.

**SO ORDERED** this 28th day of September 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

---

[1] Dressler is invited to review the procedures set forth in 28 U.S.C. § 2244(b). Additionally, the petitioner is directed to Circuit Rule 22.2 for the United States Court of Appeals for the Seventh Circuit, entitled "Successive Petitions for Collateral Review."